GRIFFIN, J.,
dissenting.
What is not clear from the majority opinion is that the damages awarded by the jury in favor of EWI were for extra work performed, not the amounts due under the subcontract between Spectrum and EWI. Spectrum’s position is that by executing its partial waiver form in order to *1096 obtain their progress payments for work done under the sub-subcontract, EWI waived any claim for extra work and any claim EWI might have had to receive compensation for the extra work was assigned to the general contractor. In my view, that is incorrect.
The document at issue appears to be, but, upon close inspection is not a “partial waiver and release of lien” like the one set forth in section 713.20, Florida Statutes. Rather, it is denominated a “partial waiver and release of claim.” It does purport to release any claim, not simply the sub-subcontractor’s hen upon the receipt of a progress payment to the extent of the payment and it does contain a representation that, with the progress payment paid, all sums due under the contract will have been paid. Such a document should be construed in favor of the sub-subcontractor; however, because it is not EWI’s form and because it mimics a recognized form in general use, it is misleading. Whether or not it is designed to lull subcontractors into waiving any claim for any work performed outside the scope of the subcontract or giving up any other claim for damages against the subcontractor, according to the majority opinion, it has that effect. Because of the way it is drafted, the document not only does not communicate its true intent, but by disguising itself as a partial release of lien on partial payment, it masks its true purpose.
It is clear from the document itself that it does not release the subcontractor from anything. The language of the release reaches only the owner, contractor, surety and the owner’s property. It does purport to assign to the contractor any claim the sub-subcontractor may have against the subcontractor, but the express consideration for this assignment is the payment made pursuant to the progress payment request. This is classic language of subro-gation and can extend only as far as the progress payment. There is no other consideration for any such purported “assignment.” The document recites that the consideration is: “the payments made by the Contractor in reliance on Furnisher[’]s agreements contained herein ... ”, but this is, in reality, no consideration. Neither the contractor nor the subcontractor can create a valid transfer of a claim for extras out of the payment of sums already due and owing for work performed under the sub-subcontract.
I would conclude, as did the trial judge, that this document does not eliminate any claim for work outside the contract even if performed prior to the execution of this document.